UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                      :

OLIVER HARGREAVES,                :

            Defendant.          :

- - - - - - - - - - - - - - - - - - x

**SEALED
SUPERSEDING INFORMATION**

S1 18 Cr. 746 (KPF)

## COUNT ONE

(Conspiracy to Commit Money Laundering)

The United States Attorney charges:

1.    From at least in or about 2016, up to and including in or about 2018, in the Southern District of New York and elsewhere, OLIVER HARGREAVES, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i).

2.    It was a part and object of the conspiracy that OLIVER HARGREAVES, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of conducting,

financing, managing, supervising, directing and owning an
illegal gambling businesses, in violation of Title 18, United
States Code, Section 1955, and the proceeds of the distribution
of controlled substances, in violation of Title 21, United
States Code, Section 841, knowing that the transaction was
designed in whole and in part to conceal and disguise the
nature, the location, the source, the ownership, and the control
of the proceeds of specified unlawful activity, in violation of
Title 18, United States Code, Section 1956(a)(1)(B)(i), to wit,
HARGREAVES agreed to facilitate the transfer of proceeds of (a)
unlawful internet gambling enterprises engaged in soliciting and
processing wagers from customers worldwide, including customers
based in the United States, and (b) a business engaged in the
sale of marijuana products in the United States, from one and
more bank accounts, including bank accounts located in the
United States, knowing that the proceeds derived from unlawful
activity.

3.   It was further a part and an object of the
conspiracy that OLIVER HARGREAVES, the defendant, and others
known and unknown, would and did transport, transmit, and
transfer, and attempt to transport, transmit, and transfer a
monetary instrument and funds from a place in the United States

2

to and through a place outside the United States, and to a place
in the United States from and through a place outside the United
States, knowing that the monetary instrument and funds involved
in the transportation, transmission, and transfer represented
the proceeds of some form of unlawful activity and knowing that
such transportation, transmission, and transfer was designed in
whole and in part to conceal and disguise the nature, the
location, the source, the ownership, and the control of the
proceeds of specified unlawful activity, to wit, the proceeds of
conducting, financing, managing, supervising, directing and
owning an illegal gambling businesses in violation of Title 18,
United States Code, Section 1955, and the distribution of
controlled substances in violation of Title 21, United States
Code, Section 841, in violation of Title 18, United States Code,
Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h).)

## COUNT TWO

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

4.    In or about 2011, in the Southern District of New
York and elsewhere, OLIVER HARGREAVES, the defendant, and others
known and unknown, willfully and knowingly combined, conspired,
confederated, and agreed together and with each other to commit

money laundering, in violation of Title 18, United States Code,
Sections 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i).

       5.    It was a part and object of the conspiracy that
OLIVER HARGREAVES, the defendant, and others known and unknown,
knowing that the property involved in a financial transaction
represented the proceeds of some form of unlawful activity,
would and did conduct and attempt to conduct such a financial
transaction which in fact involved the proceeds of specified
unlawful activity, to wit, the proceeds of conducting,
financing, managing, supervising, directing and owning an
illegal gambling businesses, in violation of Title 18, United
States Code, Section 1956(a)(2)(B)(i), knowing that the
transaction was designed in whole and in part to conceal and
disguise the nature, the location, the source, the ownership,
and the control of the proceeds of specified unlawful activity
in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i), to wit, HARGREAVES agreed to facilitate the
transfer of proceeds of unlawful internet gambling enterprises
engaged in soliciting and processing wagers from customers
worldwide, including customers based in the United States, from
one and more bank accounts, including bank accounts located in

the United States, knowing that the proceeds derived from
unlawful activity.

      6.   It was further a part and an object of the
conspiracy that OLIVER HARGREAVES, the defendant, and others
known and unknown, would and did transport, transmit, and
transfer, and attempt to transport, transmit, and transfer a
monetary instrument and funds from a place in the United States
to and through a place outside the United States, and to a place
in the United States from and through a place outside the United
States, knowing that the monetary instrument and funds involved
in the transportation, transmission, and transfer represented
the proceeds of some form of unlawful activity and knowing that
such transportation, transmission, and transfer was designed in
whole and in part to conceal and disguise the nature, the
location, the source, the ownership, and the control of the
proceeds of specified unlawful activity, to wit, the proceeds of
conducting, financing, managing, supervising, directing and
owning an illegal gambling businesses in violation of Title 18,
United States Code, Section 1955, in violation of Title 18,
United States Code, Section 1956(a)(2)(B)(i).

      (Title 18, United States Code, Section 1956(h).)

**COUNT THREE**

(Conspiracy to Commit Bank Fraud)

The United States Attorney further charges:

7.    From at least in or about 2016, up to and
including in or about 2018, in the Southern District of New York
and elsewhere, OLIVER HARGREAVES, the defendant, and others
known and unknown, willfully and knowingly combined, conspired,
confederated, and agreed together and with each other to commit
bank fraud, in violation of Title 18, United States Code,
Section 1344.

8.    It was a part and object of the conspiracy that
OLIVER HARGREAVES, the defendant, and others known and unknown,
willfully and knowingly, would and did execute, and attempt to
execute, a scheme and artifice to defraud a financial
institution, the deposits of which were then insured by the
Federal Deposit Insurance Corporation, and to obtain moneys,
funds, credits, assets, securities, and other property owned by,
and under the custody and control of, such financial
institution, by means of false and fraudulent pretenses,
representations, and promises, in violation of Title 18, United
States Code, Section 1344, to wit, HARGREAVES caused financial
institutions to authorize the transfer of and to transfer the
proceeds of the specified unlawful activities specified in Count

6

One of this Superseding Information, namely, conducting, financing, managing, supervising, directing and owning all or part of an illegal gambling business, in violation of Title 18, United States Code, Section 1955, and the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, by misrepresenting and omitting material facts to those financial institutions.

(Title 18, United States Code, Section 1349.)

**COUNT FOUR**

(Conspiracy to Commit Extortion)

The United States Attorney further charges:

9.   From at least in or about March 2017, up to and including in or about August 2017, OLIVER HARGREAVES, the defendant, who was arrested in the Southern District of New York, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HARGREAVES and co-conspirators not named as defendants herein, who believed that an individual residing in the United Kingdom

7

("Individual-1") had stolen the proceeds of an international fraud scheme that were supposed to be wired to the United States, used threats of physical harm to demand that Individual-1 return the fraud proceeds via international wire.

(Title 18, United States Code, Sections 1951 and 3238.)

## FORFEITURE ALLEGATIONS

10.   As a result of committing the offenses charged in Counts One and Two of this Superseding Information, OLIVER HARGREAVES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

11.   As a result of committing the offense charged in Count Three of this Superseding Information, OLIVER HARGREAVES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds

8

traceable to the commission of said offense.

12.   As a result of committing the offense charged in Count Four of this Superseding Information, OLIVER HARGREAVES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

<u>**Substitute Assets Provision**</u>

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

GEOFFREY S. BERMAN
UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

OLIVER HARGREAVES,

Defendant.

## SEALED INFORMATION

S1 18 Cr. 746 (KPF)

(18 U.S.C. §§ 1956, 1349, 1951 and 3238)

GEOFFREY S. BERMAN
United States Attorney.